COVINGTON, Chief Judge.
David L. Denham, Sr. and Riley D. Den-ham petitioned the court to have their brother, Murry 0. Denham interdicted. After hearing, the trial court ordered that:
1. The defendant, Murry 0. Denham, is interdicted, and declared to be an incompetent [sic] who is incapable of taking care of his person and of administering his estate.
2. David L. Denham, Sr. is appointed the curator of the person and the estate of the interdict Murry 0. Den-ham and letters of curatorship are ordered to be issued to him after he has furnished security for one thousand ($1,000.00) dollars, a detailed descriptive list of property having been filed herein previously, and taking his oath of office, as required by law.
3. Riley D. Denham is appointed as un-dercurator of the interdict, upon his taking the oath prescribed by law.
4. The reconventional demand filed herein is dismissed with prejudice.
5. All costs of these proceedings are assessed against the estate of the interdict, Murry O. Denham.
Murry O. Denham appeals this judgment. He contends the trial court was manifestly erroneous in granting the interdiction. We agree.
Before a person can be interdicted, it must be shown that he is not mentally capable of administering his estate and not able to care for his person. There must be an actual necessity for the interdiction. In Re Adams, 209 So.2d 363 (La.App. 4th Cir.1968).
As stated in the Adams case, “interdiction is a harsh remedy and should be pronounced only where the proof is clear and conclusive.”
In reversing a judgment of interdiction, the court in Interdiction of Lemmons, 511 So.2d 57, 59 (La.App. 3 Cir.1987), stated:
[Ijnterdiction cannot be used as a matter of convenience. A judgment of interdiction is, in the final analysis, a pronouncement of civil death without the dubious advantage of an inscription thereof on a tombstone. Doll v. Doll [,] 156 So.2d 275 (La.App. 4th Cir.1963).
After a careful review of the record, we find that the trial court erred in granting the judgment of interdiction. The petitioners failed to carry the burden of proving their brother unable to care for himself and mentally incapable of administering his estate. On the contrary, the record shows that Murry 0. Denham is able to care for his person and administer his estate. Accordingly, we reverse the judgment of the trial court and dismiss the petitioners’ suit. Costs are assessed to the petitioners-appel-lees.
REVERSED.